UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

       Plaintiff,                       Case No. 12-12469
                                              HON. GERSHWIN A. DRAIN

vs.

AMERITECH PUBLISHING, INC., *et al.*,

       Defendants.

_____/

<u>ORDER DENYING AT&T 2012 VOLUNTARY WINDOW SEPARATION PLAN'S
MOTION TO INTERVENE AND MOTION TO VACATE [#56]</u>

## I. INTRODUCTION

Presently before the Court is the Plan's Motion to Intervene and Motion to Vacate this Court's April 10, 2013 Order Compelling Arbitration and to Remand the Plan for Administrative Review. For the reasons below, the Plan's Motion to Intervene and Motion to Vacate is DENIED.

## II. PROCEDURAL AND FACTUAL HISTORY

On April 10, 2013, this Court entered an Order granting Defendant CWA's Motion to Compel Arbitration and dismissed the action without prejudice. The Court found that the parties should complete the arbitration process before the issues raised could be considered. The Plan filed the current Motion on May 7, 2013, requesting the Court to allow intervention and to vacate the April 10, 2013 Order remanding the case to arbitration.

Plaintiff filed a Response on May 15, 2013 that opposed the Motion. CWA also opposed the Motion in a Response filed on May 8, 2013. CWA Local 4108 filed a concurrence with this Response on May 14, 2013. The Plan filed a Reply on May 20, 2013.[1] This matter is fully briefed and the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve this matter based on the briefs submitted by the parties. *See* E.D. Mich. L.R. 7.1(f)(2).

### III. LAW AND ANALYSIS

The Plan requests the Court allow it to intervene in this action as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Though the Plan does not specify, its right to intervene must arise under Federal Rule of Civil Procedure Rule 24(a)(2). Rule 24(a)(1) requires the right to come from a federal statute and the Plan fails to identify any federal statute that gives it "an unconditional right to intervene . . . ." *See* FED. R. CIV. P. 24(a)(1). Rule 24(a)(2) states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). The United States Court of Appeals for the Sixth Circuit requires the following four elements to be satisfied before a party may intervene as of right: "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of

---

[1] The Plan filed an Ex Parte Motion for Leave to file Reply Brief Exceeding the Page Limit Under the Local Rules. *See* Dkt. No. 64. This motion is GRANTED.

intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). Failure to establish any of these elements defeats intervention under the Rule. *See Blount-Hill v. Zelman*, 636 F.3d 278, 279 (6th Cir. 2011).

Timeliness is a threshold issue for both intervention as of right and permissive intervention. *Id.*; *see also United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). This Court must consider five factors when determining the timeliness of an application for intervention of right:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have know of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Blount-Hill*, 636 F.3d at 284. The entirety of the circumstances are examined and no one factor is dispositive. *Id.*

The Plan contends that "this proceeding is in the nascent stage of litigation . . . ." Mot. to Intervene at 6. It is difficult to understand this position as the case was filed approximately a year ago and it has already been dismissed. The Plan's explanation for its delay is that it only realized intervention was necessary after Plaintiff's motion to add it as a party was denied in this Court's April 10, 2013 Order. In support, the Plan cites to *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989). Unlike in *Grubbs*, denial of Plaintiff's Motion to Amend did not trigger the Plan's interest in this litigation. Its interest was created the instant the dispute between Plaintiff and Ameritech Publishing, Inc. (API) arose, which leads to the third factor. Given its direct connection with API, the Plan should have known

about its interest in this litigation. Yet, it did not attempt to enter the litigation until almost a month after this Court remanded the case to arbitration. The timing of the Plan's attempt to join the litigation weighs heavily against intervention.

Contrary to the Plan's assertion, the fourth factor is another strike against intervention as the parties involved would suffer severe prejudice. As Plaintiff stated in opposition to the Motion, granting intervention will provide even further delay to Plaintiff's efforts to recover the benefits to which he believes he is entitled. The fact that it is retirement benefits Plaintiff seeks further highlights the importance of preventing further delay. There is also prejudice to the Defendants that have spent time and money to reach a resolution that would unravel with the granting of the Plan's Motion. Granting the Plan's Motion would drastically alter the course of this proceeding and require Defendants to spend even more time and money. Also, ongoing efforts to resolve the dispute through arbitration would be wasted. Of course, this says nothing of the waste of this Court's resources.

The remaining factors, the second and fifth, do not help the Plan. The purpose that the Plan speaks of, to allow it an opportunity to defend its decision, is irrelevant. The Court already determined that it must first be determined whether Plaintiff was constructively discharged from his employment. This preliminary inquiry concerns resolution of the events leading up to Plaintiff's retirement, not interpretation of the Plan. Finally, the Plan does not raise any unusual circumstances that favor intervention, nor does it appear that any exist.

The Plan has failed to establish that its Motion was timely. The Plan's failure to establish any of *Blount-Hill* factors precludes this Court from granting its request to intervene under Rule 24(a). Since the Plan's Motion is untimely, the Court need not

address the other elements required for intervention as a matter of right. Additionally, the Plan's request to vacate this Court's April 10, 2013 Order is denied as it is not a party to this proceeding.

## IV. CONCLUSION

For the foregoing reasons, the Plan's Motion to Intervene and Motion to Vacate [#56] is DENIED.

The Plan's Ex Parte Motion for Leave to File Reply Brief Exceeding the Page Limit Under the Local Rules [#64] is GRANTED.

SO ORDERED.

Dated: June 5, 2013

                                                  S/Gershwin A. Drain
                                                  GERSHWIN A. DRAIN
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 5, 2013, by electronic and/or ordinary mail.

                S/Tanya Bankston
                Deputy Clerk